IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT E. WOODWARD,**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #166447**

V.　　　　　　　　　**CASE NO. 5:19-CV-25-BSM-BD**

**WENDY KELLEY,** *et al*.　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**　　**Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Mr. Woodward may file written objections with the Clerk of Court if he disagrees with the Recommendation's findings or conclusion. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Woodward does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**　　**Discussion:**

A. Background

Robert E. Woodward, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) In his original complaint, Mr. Woodward alleged that the Delta Regional Unit is overcrowded

and lacks adequate security. He failed to allege, however, that he suffered any injury as a result of the alleged unconstitutional conditions.

Rather than recommending dismissal of Mr. Woodward's complaint, the Court allowed Mr. Woodward an opportunity to amend his complaint. (#4) The Court specifically instructed Mr. Woodward to explain what injury he suffered as a result of the alleged unconstitutional conditions and to state how each Defendant violated his rights and caused him injury. Mr. Woodward has now filed his amended complaint. (#5)

Based on the allegations in Mr. Woodward's original and amended complaints, the Court recommends that Mr. Woodward's claims be DISMISSED, without prejudice.

B. Standard

The Prison Litigation Reform Act requires federal courts to review complaints filed by prisoners and to dismiss claims that do not state a claim for relief before ordering service of process. 28 U.S.C. § 1915A(b). The Court has reviewed the original and amended complaints in this case and has liberally construed Mr. Woodward's allegations. Even if all allegations in the complaints are true, Mr. Woodward has not stated a federal claim for relief.

C. Conditions-of-Confinement

In his amended complaint, Mr. Woodward alleges that while he was housed at the Delta Regional Unit for 63 days there was not adequate security; he was consistently deprived of sleep; as a result of working in the field, he suffered from cellulitis; he was "deprived of access to a shower most of the time"; and the toilet, sink, and shower area were unsanitary.

While the Constitution "does not mandate comfortable prisons," inmates are protected from "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). An inmate can claim damages for conditions that pose "an excessive risk to inmate health or safety." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Conditions, however, must be sufficiently serious for the court to examine whether prison officials acted with deliberate indifference to inmate health and safety. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, other than Mr. Woodward's allegation that he suffered from cellulitis as a result of being assigned to work in the field, he has not alleged any other injury caused by his conditions of his confinement at the Delta Unit.

Mr. Woodward alleges that he suffered from cellulitis after he was assigned to work in the field at the Delta Unit. "Prison officials are deliberately indifferent in the work-assignment context if they knowingly compel an inmate to perform physical labor that is dangerous to his health, is unduly painful, or requires strength beyond his capacity." *Pitts v. Carrol*, 208 F.3d 218 (unpub. *per curiam*) (8th Cir. 2000) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)). Mr. Woodward fails to allege that Defendants Kelley, Golden, or Hurst were either aware that he was an insulin-dependent diabetic who should not be assigned to work in the field or that any of these Defendants were responsible for his assignment to work in the field. Without personal knowledge and involvement in Mr. Woodward's work assignments, these Defendant are not liable for acting with deliberate indifference to his serious medical needs.

D.  Defendant Gibson, Warden of the Varner Unit of the ADC

In his amended complaint, Mr. Woodward explains that he sued Defendant Gibson, the Warden of the Varner Unit of the ADC, because the barracks at the Varner Unit "are exactly like the ones at Delta," and he fears that he "will be exposed to the same deprivations here." (#5 at p.9)

Mr. Woodward lacks standing to bring this claim. "[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). To have standing based on a future injury, Mr. Woodward must be "imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Allegations of possible future injury" are not sufficient. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Future injury is not "certainly impending" if it is speculative. *Id*.

Here, Mr. Woodward has not pleaded any facts for the Court to conclude that any future injury is anything other than speculative. Accordingly, he should not be allowed to proceed on his claims against Defendant Gibson.

E.  Disciplinary Convictions – Escape Charge

Finally, in his complaint, Mr. Woodward also expressed his desire to "bring to [the Court's] attention [that] I've actually been punished for my escape charge 'five' separate times." He "just wanted you aware of these facts." (#5 at pp.12-13) Mr. Woodward does

4

not seek any specific relief regarding the punishment he received for the conviction of his escape charge. To the extent that Mr. Woodward is pursuing a claim under the Double Jeopardy Clause of the Fifth Amendment, that claim fails. Even though a disciplinary charge may result in administrative or punitive segregation, loss of good-time credits, and a class-level reduction, prison disciplinary proceedings "do not place an offender in jeopardy for purposes of the double jeopardy clause." *Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982).

### III.  **Conclusion:**

The Court recommends that Mr. Woodward's claims be DISMISSED, without prejudice. In addition, the Court recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal be denied as frivolous and not taken in good faith.

DATED, this 15th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE